**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEC   9 2003

**JUDGE CHARLES R. NORGLE**
U.S. District Court Judge

UNITED STATES OF AMERICA )
                                              )
            vs.  **DOCKETED** )
                                              )
PIPER KERMAN    DEC 1 0 2003 )

No.  94 CR 172
Judge Charles R. Norgle, Sr.

### MODIFIED PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, PIPER KERMAN, and her attorney, PATRICK J. COTTER, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(C), as more fully set forth in Paragraph 18, below.

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in Case No. 94 CR 172.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies.  Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, PIPER KERMAN, and her attorney, PATRICK J. COTTER, have agreed upon the following:

408

1.     Defendant acknowledges that she has been charged in the Superseding Information in this case with money laundering violations in violation of Title 18, United States Code, Section 1956(a)(2)(A).

2.     Defendant has read the charges against her contained in the Superseding Information, and those charges have been fully explained to her by her attorney.

3.     Defendant fully understands the nature and elements of the crime with which she has been charged.

4.     Defendant will enter a voluntary plea of guilty to Count One of the Superseding Information in this case.

5.     Defendant will plead guilty because she is in fact guilty of the charge contained in Count One of the Superseding Information.  In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt:

(a)   In 1993, defendant was a part of an organization which smuggled heroin, a Schedule I Narcotic controlled substance, into the United States through Chicago, in the Northern District of Illinois, and other locations.  The person ultimately in charge of the organization was defendant Buruji Kashamu.   Defendant knew defendant Kashamu by the name "Alaji."

(b)   Defendant transported cash from the United States to Europe on behalf of the heroin smuggling organization.  Defendant knew that the cash represented the proceeds of the heroin smuggling organization.   Defendant transported the cash from the United

2

States to Europe with the intent to promote the carrying on of the heroin smuggling organization. Defendant knew that defendant Kashamu was the ultimate recipient of the cash.

(c)   Defendant took three trips overseas with individuals associated with the heroin smuggling organization. Defendant's first trip overseas on behalf of the organization occurred in or about August 1993. Defendant's second and third trips occurred in or about October 1993. Defendant transported the cash from Chicago, Illinois to Brussels, Belgium during the second trip. The defendant acknowledges that the government has evidence that the amount of cash carried on the second trip was approximately $50,000.

(d)   Defendant sent or received money via Western Union or American Express money transfers while she was traveled as part of the heroin smuggling organization in order to cover expenses incurred on the smuggling trips. On at least one occasion, defendant received money that had been sent to her in Europe from an individual in the United States who was involved in the heroin smuggling organization. On at least one occasion, defendant sent money from Brussels, Belgium to another individual involved in the heroin smuggling organization in Jakarta, Indonesia.

(e)   Defendant knew that other individuals transported heroin or caused heroin to be transported from Europe or Indonesia into the United States as part of their participation in the heroin smuggling organization. The individuals who transported heroin or who caused heroin to be transported included co-

3

defendants Nicholas Fillmore, Jr., Catherine "Cleary" Wolters, Brian Christman, Edward Steinbeigle, Chris Mollomo, Meredith Morford and Shane Donaldson.

(f) The above recitation is a summary and does not contain all facts known to defendant about the smuggling organization or the actions of the defendants within it.

6. For purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, the parties agree on the following points:

(a) The parties agree that pursuant to Guideline § 1B1.11(b) the Guidelines in effect as of November 1, 1992 apply to this case because those Guidelines are more favorable to the defendant.

(b) The base offense level for this offense is level 23 pursuant to Guideline § 2S1.1(a)(1).

(c) The parties agree that defendant's offense level is increased to 26 pursuant to Guideline § 2S1.1(b)(1) because defendant knew or believed that the funds were the proceeds of an unlawful activity involving the importation and distribution of heroin.

(d) The government cannot readily prove that the defendant transported in excess of $100,000 in cash during the course of her participation in the heroin smuggling conspiracy. Therefore, the parties agree that the defendant should not receive

4

any enhancement in her offense level pursuant to Guideline § 2S1.1(b)(2) based on the value of the funds defendant transported.

(e) Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for her actions, within the meaning of Guideline § 3E1.1, a two-level reduction in the offense level is appropriate.

(f) Defendant has provided timely complete information concerning her own involvement in the offense, and has notified the government timely of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, within the meaning of Guideline § 3E1.1(b); an additional one-point reduction in the offense level is therefore appropriate, provided the court determines the offense level to be 16 or greater prior to the operation of Guideline § 3E1.1(a).

(g) The defendant has no known prior criminal history. The defendant's criminal history points equal zero and the defendant's criminal history category is I.

(h) The defendant and her attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately

5

determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

7. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw her plea on the basis of such corrections.

8. Defendant understands the count to which she will plead guilty carries a maximum penalty of twenty years imprisonment, a maximum fine of $500,000 and any restitution ordered by the Court. Defendant also understands that this charge carries a term of supervised release of at least two years but not more than three years, which the Court may specify.

9. The defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, the defendant will be assessed $100 on the count to which she has pled guilty, in addition to any other penalty imposed. The defendant agrees to pay the special assessment of $100 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

10. Defendant understands that by pleading guilty she surrenders certain rights, including the following:

(a)  If defendant persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b)  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt and that it was to consider each count of the Second Superseding Indictment separately.

(c)  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

7

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

(f) Defendant understands that she has a right to have the charges prosecuted by an indictment returned by a concurrence of twelve or more members of a legally constituted grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives her right to be prosecuted by an indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that she has been prosecuted by way of information.

11. Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights. Defendant further

8

understands she is waiving all appellate issues that might have been available if she had exercised her right to trial.

12. Defendant waives any claim or challenge to the charge in the Superseding Information on the basis of any applicable statute of limitation.

13. Defendant is also aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined), in exchange for the concessions made by the United States in this Plea Agreement. The defendant also waives her right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

14. Defendant agrees she will fully and truthfully cooperate with the government in any matter in which she is called upon to cooperate in any jurisdiction, including but not limited to the Northern District of Illinois and the Northern District of California, that is related to or results from the charges in this case. Defendant understands that this cooperation may include truthful testimony by the defendant in any investigation and pretrial preparation, before any federal grand jury and United

States District Court proceeding, and any related civil administrative or court proceeding. In addition, defendant agrees to cooperate fully in preparation for any testimony. Defendant agrees to postpone her sentencing until after the conclusion of the prosecution of her codefendants.

15. Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties from the defendant.

16. Defendant understands that the Second Superseding Indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

17. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against her, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

18. At the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's cooperation and, assuming the defendant's full and truthful cooperation, shall move the Court, pursuant to Sentencing Guideline § 5K1.1 and 18 U.S.C. § 3553(e), to depart from the applicable sentencing guideline range and the statutory minimum sentence, and to impose a specific sentence agreed to by the parties as outlined below. Defendant understands that the decision to depart from the applicable guidelines range and statutory minimum sentence rests

10

solely with the Court. However, this Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that, provided the defendant continues to demonstrate a recognition and affirmative acceptance of personal responsibility for her criminal conduct and to cooperate as set forth in this Plea Agreement, the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons for a period equaling between fifteen (15) and thirty (30) months. Each party reserves the right to argue at sentencing their position as to the amount of the downward departure within this range. Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration set forth, the defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(e)(2) and (4). If, however, the Court refuses to impose the agreed term of incarceration set forth herein, thereby rejecting the Plea Agreement, or otherwise refuses to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

19. The parties acknowledge that, in the event defendant receives a 30 month sentence of imprisonment, defendant will be eligible at least based on the length of that sentence to participate in the Bureau of Prisons "boot camp" program in Bryant, Texas. The government is free to make any recommendation about

defendant's participation in the boot camp program at the time of the sentencing hearing.

20.  After sentence has been imposed on the count in the Superseding Information to which defendant pleads guilty as agreed herein, the government will move to dismiss the Second Superseding Indictment as to this defendant.

21.  Defendant understands that her compliance with each part of this Plea Agreement extends throughout and beyond the period of her sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement.  She further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence the defendant.  The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the Government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecutions.

22.  Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements

reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

23. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

24. Defendant acknowledges that she has read this Agreement and carefully reviewed each provision with her attorney. Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 12/8/03

PATRICK J. FITZGERALD
United States Attorney

PIPER KERMAN
Defendant

DIANE MacARTHUR
Assistant United States Attorney

PATRICK J. COTTER
Attorney for Defendant

13